IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ravell McLaughlin, | ) | Civil Action No.: 2:18-cv-00184-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Aaron S. Joyner, Warden, Lee CI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, commenced this action by filing a habeas petition pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Currently pending is Respondent's [ECF No. 19] motion for summary judgment. This motion is before the court with the Report and Recommendation [ECF No. 28] of Magistrate Judge Mary Gordon Baker, filed on November 5, 2018.[1]

In the Report and Recommendation, the Magistrate Judge recommended granting Respondent's motion for summary judgment concluding that the instant petition was barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). On December 21, 2018, Petitioner filed objections to the Magistrate Judge's Report and Recommendation. [ECF No. 33]. Respondent filed a Reply on January 4, 2019.

**Legal Standards**

**I.     Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which specific written objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of **timely filed** specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

**II.    One-Year Statute of Limitations for Filing a § 2254 Habeas Petition**

Petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336–37 (1997).

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2254 has one year to file his petition after the latest of four enumerated events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, under subsection (A), "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated [in subsections (B), (C), or (D)] is present and starts the clock running at a later date." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

The one-year limitation period is suspended for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In interpreting § 2244(d)(1) and (2), the Fourth Circuit has clarified the time that elapses between completion (or expiration) of direct review and commencement of state post-conviction review counts toward the one-year limitation period. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("In short, [28 U.S.C. § 2244(d)] provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."). The one-

3

year limitation period in "§ 2244(d) is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), but "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. at 653.

## Discussion

The Court agrees with the Magistrate Judge that Petitioner's habeas petition is untimely. On July 16, 2013, the state plea court sentenced Petitioner after he pled guilty to his criminal charges. Petitioner then had ten days to serve a notice of appeal. *See* Rule 203(b)(2), SCACR (requiring a criminal defendant to serve a notice of appeal within 10 days after imposition of the sentence). Because Petitioner did not file a direct appeal, his convictions became final on **July 26, 2013**. *See* 28 U.S.C. § 2244(d)(1)(A). The limitation period ran for **808 days from July 26, 2013, to October 12, 2015,** the date that Petitioner filed his state post-conviction relief ("PCR") application. *See id.* § 2244(d)(2). The limitation period was tolled from **October 12, 2015 to December 7, 2017**, the date that the remittitur from the South Carolina Supreme Court (which denied review of Petitioner's PCR appeal) was filed in the state circuit court. *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 775–76, 780 (D.S.C. 2015) (holding the final disposition of a PCR proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court). The limitation period began running again on **December 7, 2017**. Petitioner filed the instant § 2254 action on **January 18, 2018**. A total of **42 days** passed between the date the remittitur was filed and the date that Petitioner filed the current

4

petition. A total of **850 days** of non-tolled time elapsed before Petitioner filed the pending habeas petition.

The Court concludes Petitioner's § 2254 petition is untimely because it was filed approximately 850 days after his conviction became final. Moreover, the Court finds Petitioner is not entitled to equitable tolling because he has not shown that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his habeas petition. *See Holland*, 560 U.S. at 649.

Petitioner argues in his objections that he is entitled to equitable tolling because he relied on his attorney to honor his request to file an appeal on his behalf. However, the PCR court considered and rejected this claim finding Petitioner not credible. [Order of Dismissal, ECF No. 18-5 at 4]. To the contrary, the PCR court found trial counsel's testimony that Petitioner never asked for an appeal to be credible. *Id*. Petitioner has failed to rebut the state PCR court's factual finding that Petitioner never asked for an appeal with clear and convincing evidence. Thus, the state court factual finding that Petitioner never asked for an appeal is entitled to a presumption of correctness. *See Schriro v. Mandrigan*, 550 U.S. 465, 473-74 (2007) (The AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence'").

More importantly, trial counsel's failure to file a direct appeal does not justify equitable tolling because the absence of a direct appeal did not affect Petitioner's ability to file a habeas action in federal court. *See, e.g. Gleaton v. Bush*, No. CA 4:14-890-TMC, 2014 WL 5527826, at *8 (D.S.C. Oct. 31, 2014); *Shore v. Perry*, Case No. 1:15-cv-653, 2016 WL 3512215 (M.D.N.C. June 22, 2016), adopted by 2016 WL 4099123 (M.D.N.C. Aug. 2, 2016) (finding that the failure of the

5

petitioner's counsel to pursue or advise the petitioner about a direct appeal "entitles Petitioner to no relief from the AEDPA's statute of limitations because the absence of a direct appeal did not affect his ability to file a habeas action in this Court"). Eight hundred and eight days passed between Petitioner's conviction becoming final and the filing of his PCR application. Through the exercise of reasonable diligence, Petitioner could have discovered that no direct appeal was pending before the expiration of the one-year statute of limitations. *Schmitz v. Taylor*, Case No. 5:14-cv-3626, 2014 WL 6810384, at *3 (D.S.C. Dec. 2, 2014) ("[A]llegedly ineffective assistance of counsel based on the failure to file an appeal does not constitute an 'extraordinary circumstance' that would justify equitable tolling when the failure to appeal had been public knowledge and could have been discovered through the exercise of reasonable diligence"). Petitioner has failed to establish that he was diligently pursuing his rights or that some extraordinary circumstance stood in his way and prevented timely filing.

In sum, the Court finds Petitioner's § 2254 petition is untimely, not subject to equitable tolling, and must be denied.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies

relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

Based upon the foregoing, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 28]. Accordingly, the Court **GRANTS** Respondent's [ECF No. 19] motion for summary judgment and **DISMISSES** Petitioner's § 2254 petition *with prejudice.* The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
January 17, 2019　　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge